UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-80321-Cannon/McCabe

JOSHUA LEVINE,

    Plaintiff,

v.

RIC L. BRADSHAW, et al.,

    Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendants' Motion for Bill of Costs ("Motion") (DE 84), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 85). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

**I.  BACKGROUND**

This is a pro se civil rights case filed pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated Plaintiff's constitutional rights during his period of incarceration at the Palm Beach County Jail (DE 1). On July 5, 2023, the Court entered summary judgment in favor of Defendants on all counts (DE 81), followed by final judgment on July 6, 2023 (DE 82). This Motion followed, seeking costs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 7.3(c) (DE 84, DE 84-1). Plaintiff did not respond to the Motion.

**II.  DISCUSSION**

Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

For purposes of this rule, "prevailing party" means the party in whose favor judgment was rendered by the Court. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, Defendants qualify as "prevailing parties" because the Court entered summary judgment and final judgment in their favor (DE 81, DE 82).

As the prevailing parties, Defendants seek to tax $238.50 for the cost of a deposition transcript necessarily obtained for use in the case, specifically, Plaintiff's deposition (DE 84, DE 84-1, DE 84-2). Pursuant to 28 U.S.C. § 1920(2), a prevailing party may tax costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." As a general rule, depositions "taken within the proper bounds of discovery will normally be deemed to be necessarily obtained for use in the case." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *4 (S.D. Fla. Feb. 2, 2016) (cleaned up). The Court has reviewed the docket in this case, including the summary judgment filings (*see, e.g.*, DE 70, DE 71, DE 72, DE 73, DE 74), and finds that Defendants necessarily obtained Plaintiff's deposition for use in the case.

As to amount, Defendants have attached an invoice supporting the requested $238.50, including a breakdown of the attendance fees of the court reporter, the number of pages transcribed, and the cost per page (DE 84-2). The Court finds the amount requested to be reasonable and recoverable. *See, e.g.*, *Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022), *R. & R. adopted*, 2022 WL 1605333 (S.D. Fla. May 20, 2022) (allowing similar costs for the court reporter's attendance and cost per page). The Court therefore taxes costs in the amount of $238.50 against Plaintiff and in favor of Defendants.

### III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 84) be **GRANTED**, and that Defendants be awarded total costs in the amount of $238.50, with interest bearing at the statutory rate. *See* 28 U.S.C. § 1961.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of September 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc: counsel of record; Plaintiff, *pro se*.