UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80321-CIV-CANNON/MCCABE

JOSHUA LEVINE,

    Plaintiff,
v.

SHERIFF RIC L. BRADSHAW,
MAJOR DARYLYN MORRIS,
CAPTAIN KIMBERLY KINSEY, and
ROBERT EDGAR,

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION [ECF No. 86]

**THIS CAUSE** comes before the Court upon the Report and Recommendation ("Report") issued by Magistrate Judge Ryon M. McCabe, issued on September 12, 2023 [ECF No. 86]. On August 2, 2023, Defendants filed a Motion for Bill of Costs ("Motion"), seeking to tax $238.50 for the cost of Plaintiff's deposition transcript [ECF No. 84]. On September 12, 2023, following referral, Judge McCabe issued the instant Report, recommending that the Motion be granted [ECF No. 86]. Plaintiff timely filed objections [ECF No. 87].[1] After conducting a *de novo* review of the Report and the record in light of Plaintiff's objections, the Court **ACCEPTS** the Report [ECF No. 85] and **GRANTS** Defendants' Motion [ECF No. 84].

---

[1] Plaintiff's objections were due on or before September 26, 2023 [ECF No. 86 p. 3]. Although Plaintiff's objections were filed on October 2, 2023 [ECF No. 87], Plaintiff signed a Certificate of Service indicating that he mailed the objections to the Clerk of Court on September 23, 2023 [ECF No. 87 p. 4]. As such, Plaintiff's objections are timely filed. *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("[A] *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing"); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it.").

CASE NO. 22-80321-CIV-CANNON/McCabe

## LEGAL STANDARDS

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objections are made are reviewed only for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## DISCUSSION

"Unless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiff does not dispute the Report's conclusion that Defendants qualify as "prevailing parties" in light of the Court's Order granting summary judgment in Defendants' favor [ECF No. 86 p. 2]. Instead, Plaintiff "objects to paying the cost of a deposition because defense counsel failed to take other available methods before requesting a deposition[,]" such as sending interrogatories or "us[ing] telecommunications" [ECF No. 87 p. 3].

Pursuant to 28 U.S.C. § 1920(2), a prevailing party may tax costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Generally, depositions "taken within the proper bounds of discovery will normally be deemed to be necessarily obtained for use in the case." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *4 (S.D. Fla. Feb. 2, 2016) (internal quotation marks omitted). Here, Defendants

seek to tax Plaintiff $238.50 for the court reporter's attendance fee and thirty pages of transcription related to Plaintiff's deposition [ECF Nos. 84, 84-1, 84-2].

This Court has considered Plaintiff's objection *de novo* and finds it unconvincing. The standard for whether deposition costs are taxable is whether the deposition was "'related to an issue which was present in the case at the time the deposition was taken.'" *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (quoting *Indep. Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 718 (N.D. Ill. 1982)). After reviewing the record, the Court finds that Defendants obtained Plaintiff's deposition for use in this case [ECF Nos. 70, 71, 72, 73, 74]. Plaintiff's deposition was related to his claim that Defendants had a policy of opening inmates' legal documents that violated Plaintiff's First Amendment rights [ECF No. 11 pp. 4, 7–8]. This Court referenced Plaintiff's deposition testimony in its Order Granting Defendants' Motion for Summary Judgment [ECF No. 81 p. 12 n.9]. Plaintiff fails to show that his deposition was unrelated to any issue in the case. *W & O*, 213 F.3d at 621.

As a final point, the Court flatly rejects Plaintiff's irresponsible suggestions in his Objections that the Report is designed to "punish[]" him as an indigent litigant [ECF No. 87 p. 3]. The Report applies well-settled legal principles to the facts at hand, and a court has discretion to assess costs against a litigant who is proceeding in forma pauperis. *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir. 1984).

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge McCabe's Report [ECF No. 86] is **ACCEPTED**.
2. Defendant's Motion for Bill of Costs [ECF No. 84] is **GRANTED**.
3. This case shall remain **CLOSED**.

CASE NO. 22-80321-CIV-CANNON/McCabe

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 16th day of October 2023.

                                                                   AILEEN M. CANNON
                                                                   UNITED STATES DISTRICT JUDGE

cc: **counsel of record**

**Joshua Levine**
0096012
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, Florida 33416
PRO SE